## HENRY M. BRY et al. *v.* HENRY FOUCHÉ.

The petition alleged that plaintiff " is the owner of the following described tract of land, to wit, the lot or fractional number," &c. This description of title is too vague and general to satisfy the requirements of C. P. 172.

Defendant excepted to the petition on the ground that it did not set forth the plaintiff's title with sufficient clearness. The exception was overruled. On the trial plaintiff offered a patent to prove his title; defendant objected to it as inadmissible under the pleadings, the plaintiff's title not being set forth in the pleadings; his objection having been overruled, he excepted, and then filed an amended answer, and after alleging that he was taken by surprise, attacked the patent on the ground that it had been obtained by fraud. Defendant did not apply for a continuance nor move for a new trial. *Held:* That the exception was well taken, but that defendant, by his amended answer attacking plaintiff's title, was precluded from availing himself of the defect in the petition.

The plaintiff being in possession of a patent regular in form, and the settlement of the defendant having been suspended and his entry declared illegal by the General Land Office, the court declared that, even in a case of doubt, it would not hold that the patent had been granted for lands not subject to entry and sale.

APPEAL from the District Court of the parish of Ouachita, *Richardson*, J. *McGuire & Ray*, for plaintiffs. *Ludeling & Garrett*, for defendant and appellant.

MERRICK, C. J. This is a petitory action. The judgment of the lower court was in favor of the plaintiff, and the defendant appealed.

The defendant excepted to the plaintiff's petition, on the ground that it did not clearly state who was the plaintiff, nor how *H. M. Bry* is interested in the suit, and that it did not set forth *the nature of the plaintiff's title.* The exception was sustained so far as to compel the plaintiffs to disclose more fully for whose benefit the action was brought, but overruled in the other particulars. The plaintiff amended in order to conform to the opinion of the court. The allegation of title in the petition as amended is, that the said *Thankful R. Bry* " is the owner of the following described tract of land, to wit: the lot or fractional number," &c. No description of the title, whether by patent or French or Spanish grants; whether the plaintiff was the original grantee, or whether she holds by mesne conveyances, was given. The petition did not therefore contain a clear and concise statement of *the nature* of the title on which the action was founded, as required by Article No. 172, No. 4 of the Code of Practice. The exception was well taken, and the plaintiff ought to have been compelled to amend, or in default of amendment, the petition should have been dismissed.

The defendant prayed *oyer* of the titles of the plaintiff, and that she might be compelled to produce and file them in court, within a reasonable delay, and in default thereof, that the action be dismissed. The *oyer* was refused by the Judge. The ruling of the Judge on this point was excepted to, and the correctness of his decision is questioned by the defendant before this court. We are of the opinion that defendant was entitled to the *oyer* prayed for.

On the trial, the plaintiff offered to read in evidence the patent, which was objected to, on the ground that it was inadmissible under the pleadings, as the nature of the plaintiff's title was not set forth in her petition. This objection was overruled, and the defendant excepted.

84

After the patent had been received in evidence, the defendant filed an amended answer, in which, after alleging that he was taken by surprise, he avers that " said patent was obtained through fraud and issued in error, as the land, for which he is sued, is within the limits of a reserved Spanish claim known as the Bastrop Grant, and that at the time said patent bears date, and said entry was made, the said land was reserved from sale or entry, and the Register and Receiver of the United States were prohibited from selling the same, or in any manner disposing thereof." No effort was made to obtain a continuance of the case, and the defendant did not move for a new trial. Had the defendant relied solely upon his exception to the plaintiff's petition, and the bill of exception taken to the ruling of the court on the motion for *oyer*, he would have been entitled to a reversal of the judgment, but by his amended answer, he has cured the defective pleading of the plaintiff, by specially attacking the plaintiff's title, which he describes in the amended answer. After filing the amended answer, the defendant was precluded, by his allegations, from pretending ignorance of the plaintiff's title, and his only remedy, if surprised, was to move for a continuance, or a new trial, neither of which appears to have been done.

On the merits, we find that the plaintiff is in possession of a patent apparently regular in form, and that the settlement of the defendant has been suspended and his entry declared illegal by the Commissioner of the General Land Office at Washington, and the defendant has been notified that on making the proper affidavit, his purchase money will be refunded him. Moreover, it is not alleged nor shown, that the defendant had a prior equitable right which has been infringed by the patent granted plaintiff's vendor. We are without power, under the circumstance, to interfere with the action of the General Government in this matter, and whilst we find that the plaintiff's patent is recognized in the proper department at Washington, we will not hold, (even in a case of doubt,) that it had been granted for lands not subject to entry and sale.

The judgment ought to have reserved to the defendant the right to remove the improvements placed upon the land, unless the plaintiff should elect to pay him the value of the materials and the price of the workmanship.

It is therefore ordered, adjudged and decreed by the court, that the judgment of the lower court be amended, so as to reserve to the defendant the right to remove the constructions and works put upon said tract of land by himself, unless the plaintiff shall, within thirty days after this decree becomes final, declare by writing, deposited with the Clerk of the lower court, her intention to keep the constructions and works upon said land, and pay the value of the materials and price of workmanship. And it is further ordered, that said judgment be in all other respects affirmed, and that the appellee pay the costs of appeal.

Re-hearing refused.